## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAVID L. TERMARSCH,**

      **Plaintiff,**

**v.**                                                    **Case No.  8:07-CV-1725-T-30TBM**

**ARGENT MORTGAGE COMPANY, LLC.,
WAYNE LEE, AMERIQUEST
MORTGAGE COMPANY, WAYNE LEE,
WELLS FARGO BANK, N.A., PAUL
HAZEN, FABRIZIO & BROOKS P.C.,
AMANDA BREASBOIS, JONATHAN L.
ENGMAN, OAKLAND COUNTY 6TH
CIRCUIT COURT, COLLEEN A.
O'BRIEN, OAKLAND COUNTY
CLERK/REGISTER OF DEEDS, RUTH
JOHNSON, JOHN AND JANE DOE'S 1-99,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court for consideration of Defendants Fabrizio &

Brooks P.C., Jonathan L. Engman, and Amanda Breasbois's Motion to Quash Service of

Process and  Motion to Dismiss (Dkt. 8), Plaintiff's Motion to [D]ismiss [D]efendant[']s

Motin [sic] to Quash [S]ervice of Process (Dkt. 23), Defendant Wells Fargo Bank's Motion

to Dismiss for Violation of Fed. R. Civ. P. 8(a) and (e), Fed. R. Civ. P. 10(b) (Dkt. 27),

Motion to Dismiss Plaintiff's Complaint filed by Defendants Argent Mortgage Company,

LLC, Ameriquest Mortgage Company, and Wayne Lee (Dkt. 28), Defendants[ ] Oakland

County 6th Circuit Court, Colleen A. O'Brien, and Ruth Johnson, Oakland County Clerk/Register of Deeds' Motion to Dismiss (Dkt. 32), and Plaintiff's Response to Defendants['] Motion to Dismiss Plaintiff's Complaint (Dkt. 33).[1] The Court, having reviewed the motions, responses, and supporting memoranda, and being otherwise fully advised in the premises, finds that dismissal is appropriate for lack of subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine.[2]

## Motion to Dismiss Standard Under 12(b)(6)

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Blackston v. State of Alabama</u>, 30 F.3d 117, 120 (11th Cir. 1994) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  <u>See</u> <u>Hunnings v. Texaco, Inc.</u>, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1960 (2007).  While the threshold of sufficiency that

---

[1]Plaintiff has not filed a response to the Oakland County Defendants' Motion to Dismiss (Dkt. 32). <u>See</u> Local Rule 3.01(b) ("Each party opposing a motion . . . shall file within 10 days after service of the motion . . . a response"). The Oakland County Defendants mailed a copy of their motion to Plaintiff at his address of record on February 15, 2008. Given that Plaintiff has filed a response to other Defendants' assertions that this Court lacks jurisdiction over this matter on the same grounds advanced by the Oakland County Defendants, the Court is of the opinion that Plaintiff will not be prejudiced by its consideration of this issue without further response from him.

[2]The <u>Rooker-Feldman</u> doctrine is based on two cases decided sixty years apart, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

a complaint must meet to survive a motion to dismiss is exceedingly low, see Ancata v.
Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985), "a plaintiff's obligation to
provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127
S. Ct. at 1959.

## Background

As alleged in the complaint, Plaintiff learned on August 6, 2006, that Wells Fargo
Bank, N.A., had commenced an action in the Oakland County Circuit Court, Pontiac,
Michigan, against Plaintiff and his wife Sherry seeking foreclosure on a $166,500 mortgage
(Dkt. 1 at 8) on property situated at 3110 Joslyn Road, Auburn Hills, Oakland County,
Michigan (Dkt. 32-3).[3] The Honorable Colleen O'Brien, Circuit Court Judge in and for
Oakland County, Michigan, was assigned to preside over the foreclosure proceedings (Dkt.
32-2).

On January 31, 2007, Judge O'Brien granted Wells Fargo's motion for summary
disposition, ordering, *inter alia,* that Plaintiff had 21 days within which to pay Wells Fargo
$213,195.89 principal plus interest due on the mortgage or the property would be sold at
public auction (Dkt. 32-4, Order Granting Summary Judgment for Foreclosure and Quieting

---

[3]The Oakland County Defendants have filed a copy of the docket sheet reflecting the proceedings in the matter of Wells Fargo v. David L. TerMarsch, et al., Case No. 06-075356- CK (Dkt. 32, Ex. A) and a copy of the complaint and various orders filed in the foreclosure action (Dkt. 32, Ex. B), requesting that the Court take judicial notice of these documents. It is well-established that the Court may, for "a proper understanding of protracted litigation . . . draw upon the records in all of the preceding cases," taking judicial notice of other court proceedings, both federal and state, involving the same parties. Moore v. Estelle, 526 F.2d 690 (11th Cir. 1976) (citing Tucker v. National Linen Service Corp., 200 F.2d 858, 861-62 (5th Cir. 1953). See also Fed. R. Evid. 201(d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

Title). The order also enjoined Plaintiff from recording further documents against the title of the Joslyn Road property without prior permission of the court and awarded Wells Fargo $4,286.75 in attorney's fees and costs. Rather than make the requisite payment, Plaintiff continued his attempts to block the sale of the property.

On June 13, 2007, Judge O'Brien granted Wells Fargo's Motion to Confirm the Judicial Foreclosure Sale (Dkt. 32-2, Docket Entry, Jun. 13, 2007). On September 25, 2007, Judge O'Brien ruled on Wells Fargo's request for a show cause order directing Plaintiff to appear at a hearing on assertions that he was in violation of the court's order proscribing him from recording documents that would constitute a cloud on the title of the Joslyn Road property.  In her order, Judge O'Brien declared that documents filed by Plaintiff which created a cloud on the title of the Joslyn Road property were "without force or effect," again prohibited Plaintiff "from recording any further affidavits, notice of objections to foreclosure, certificates of non response, claims of interest or documents that can cloud title for th[e] [Joslyn Road] property," found Plaintiff in contempt for violating its January 31, 2007 order, and ordered that a bench warrant issue for Plaintiff's arrest if he failed to appear at the show cause hearing scheduled to be held on September 26, 2007 (Dkt. 32-5 at 2).  Wells Fargo was also awarded attorney fees and costs in the amount of $1,000.00  "for having to defend against [the] frivolous and nonsensical document" recorded by Plaintiff against the Joslyn Road property.

Plaintiff commenced the instant action on September 24, 2007, one day prior to Judge O'Brien's ruling in the Michigan foreclosure proceedings on Wells Fargo's show cause

motion.  In this action, Plaintiff challenges the institutions and individuals who participated in the Michigan foreclosure proceedings, asserting that their actions, individually and collectively, constituted a fraud against Plaintiff and his wife that resulted in the foreclosure and sale of the Joslyn Road property. Defendants Argent Mortgage Company, LLC, Ameriquest Mortgage Company, Wayne Lee, Fabrizio & Brooks P.C., Amanda Breasbois, Jonathan L. Engman, Oakland County 6th Circuit Court, The Honorable Colleen A. O'Brien, and Oakland County Clerk/Register of Deeds Ruth Johnson move to dismiss the case on grounds, *inter alia* that this Court lacks jurisdiction under the <u>Rooker-Feldman</u> doctrine.  In rebuttal, Plaintiff argues that he "has no intent for this Court to review the findings in adjudications made by the [Michigan] court" (Dkt. 33 ¶ 5).  Plaintiff contends, to the contrary, that this matter should be allowed to proceed because "[t]he litigation arises out of . . . violations that fall under [the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1961 *et seq.* ("RICO")] for predicate type acts, violations of [his] constitutionally protected rights, and violations of officer's oaths that they have or should [have] taken whereby they have a duty to uphold" (Dkt. 33 ¶ 4).

## Discussion

Having reviewed the record, the Court agrees with Defendants that it appears Plaintiff has filed this federal action in an effort to invalidate the foreclosure judgment entered against him by the Michigan circuit court.  For reasons discussed below, the Court concludes that Plaintiff's complaint is subject to dismissal for lack of jurisdiction.

**Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, the Court is powerless to grant Plaintiff the relief he seeks.  The Rooker-Feldman doctrine provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in [the United States Supreme Court]."  Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996).  Rooker-Feldman is "grounded on federalism, comity and the premise that state courts are not inferior to federal courts."  In re Glass, 240 B.R. 782, 785 (M.D. Fla. 1999).  Accordingly, the doctrine precludes a federal action if the relief requested would effectively reverse the state court decision or void its ruling.  Id.  The doctrine is not limited to state appellate court judgments.  "A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment."  Id. at 467.

Rooker-Feldman applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. Powell, 80 F.3d at 466.  "The crucial question in determining the applicability of Rooker-Feldman is whether the relief requested of the federal court would effectively reverse or void the state court's ruling."  Bosdorf v. Beach, 79 F.Supp.2d 1337, 1339 (S.D. Fla. 1999). "Like res judicata and collateral estoppel, the Rooker-Feldman doctrine is intended to ensure that litigants do not take multiple bites from the same apple. Id. (citing Bryant v. Sylvester, 1995 WL 265303, *3 (3rd Cir. 1995)).

In opposing Defendants' motions to dismiss, Plaintiff argues that rather than challenging the state court's decision, he is seeking relief under the RICO statutes.  In his

motion to dismiss Defendants Fabrizio & Brooks P.C., Engman, and Breasbois's Motion to Quash Service of Process, Plaintiff further argues that he should be allowed to proceed because he is asserting claims for oath of office violations, as well as violations of "the fair debt collection practices act, RESPA, interstate commerce, the elderly Americans act, and numerous other criminal in [sic] unlawful activities." Plaintiff's arguments are unpersuasive.

Here, the issues raised in the complaint are inextricably intertwined with the state court's judgment such that Plaintiff is effectively asking this Court to invalidate the state court judgment; the Rooker-Feldman doctrine is, therefore, directly applicable.  Plaintiff's allegations that Judge O'Brien and Ruth Johnson "added [sic] and abetted" counsel for Defendant Wells Fargo in violating Plaintiff's "[c]onstitutional due process rights, [his] God given inherent rights, [his] statutory rights, and [his] rights under the Banking Act . . . by pressing forth with predatory acts to steal [his] property" and his demand for relief in the amount owed on the Joslyn Road mortgage reinforce the conclusion that he is asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void.  Plaintiff's complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction.

The Court notes that its finding on the Rooker-Feldman doctrine does not necessarily leave Plaintiff without a remedy.  Any relief Plaintiff seeks must come from the court that entered the underlying judgment.  According to the docket in the foreclosure proceedings, Plaintiff did not seek appellate review of the foreclosure order.  Plaintiff should make himself aware of the proper avenue for redress in the Michigan courts.

## Venue

Even if the complaint were not subject to dismissal under the <u>Rooker-Feldman</u>
doctrine, the Court would be precluded from proceeding with this cause of action under 28
U.S.C. § 1391.  In support of his assertion in the complaint that venue is proper in this
district, Plaintiff states as follows :

> Tampa Division . . . has jurisdiction and venue over this matter due to
> the fact that [Plaintiff is] domiciled [at] 6136 Morningview Dr.,
> Lakeland, Florida [33813].  It would cause a hardship upon myself to
> travel back and forth to Michigan for no reason as it would be a strain
> on me and my wife physically because of our health and age.  Wells
> Fargo Bank N.A. does business and has a main office in the state of
> Florida so it wouldn't hinder Wells Fargo Bank as they are registered
> to do business in the state of Florida.  Because of prior actions of
> certain judicial officials in the state of Michigan in my opinion the
> court would be bias [sic] and prejudice [sic] protecting their own and
> I would not get equal protection as a matter of law.

Dkt. 1 at 3.  Thus, as shown on the face of the complaint, venue in this district is improper.

Plaintiff's attempt to invoke federal question jurisdiction by citing to various federal
statutes as grounds for his suit fails. In an action such as this in which jurisdiction is not
founded on diversity, venue is proper only in (1) a district in which any defendant resides,
if all defendants reside in the same state, (2) a district in which a "substantial part of the
events or omissions giving rise to the claim occurred" or a substantial part of the property
that is subject to the action is situated, or (3) a district in which any defendant may be found,
if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).
Clauses (1) and (2) of this statute are clearly applicable in the instant case. All the

Defendants reside in Michigan,[4] see 28 U.S.C. § 1391(c),[5] and the "events or omissions" giving rise to Plaintiff's cause of action occurred in Michigan. Assuming, *in arguendo*, that a plaintiff establishes a basis for subject matter jurisdiction in federal court, the proper venue for a cause of action arising in Oakland County, Michigan, is the United States District Court for the Eastern District of Michigan.[6] See 28 U.S.C. § 1391(b); Local Rule 83.10 (E.D. Mich. 2008).

Finally, even if venue were technically proper in this district, transfer of this action obviously would be appropriate under 28 U.S.C. § 1404(a).[7] This is an Eastern District of

---

[4]The Court takes judicial notice of information available at www.wellsfargo.com/locater, viewed April 15, 2008, that, contrary to Plaintiff's assertion otherwise, Wells Fargo Bank does not have offices located in Florida. Fed. R. Evid. 201.

[5]"For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C.A. § 1391(c).

[6]The Court takes judicial notice of a substantially similar lawsuit filed by Plaintiff in this district on September 6, 2007, Case No. 8:07-CV-1580-T-24TBM, against New Century Mortgage Corp.; Brad A. Morrice; Deutsche Bank National Trust Co.; Seth Waugh, CEO; United States District Court, Eastern District of Michigan; [The Honorable] Patrick J. Duggan, [District Court] Judge; 71A District Court, Lapeer Co., Michigan; The Honorable Laura Cheger Barnard; Lipson Neilson Cole Seltzer Garim P.C.; Thomas G. Costello, Esq.; Fabrizio & Brook P.C.; Jonathan I. Engman, Esq.; Marlene M. Burns, Lapeer Co. Clerk; Melissa R. DeVaugh, Register of Deeds; and John and Jane Doe's [sic] 1-99. The case was dismissed on October 11, 2007, without prejudice, for improper venue. The Court also takes judicial notice of information accessible via the Public Access to Court Electronic Records ("PACER") internet database link to the Official Court Electronic Document Filing System for the United States District Court, Eastern District of Michigan, viewed on April 10, 2008, the review of which revealed that Plaintiff had previously filed two lawsuits against the same defendants named in Case No.8:07-CV-1580-T-24TBM. Both suits involved the foreclosure proceedings on property situated at 4200 Phillips Road, Metamora, Lapeer County, Michigan, Case Nos. 2:06-CV-12514-PJD-PJK (E.D. Mich. 2006), which was removed from state court, and 2:05-73137-PJD-PJK (E.D. Mich. 2006). See Fed. R. Evid. 201. These two cases were dismissed by The Honorable Patrick J. Duggan, District Judge, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

[7]"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (2007).

Michigan controversy from start to finish. The convenience of the parties and witnesses and the interest of justice call for resolution of this controversy in that district.

It is, therefore, **ORDERED** and **ADJUDGED** that:

1.  Defendants Fabrizio & Brooks P.C., Jonathan L. Engman, and Amanda Breasbois's Motion to Quash Service of Process and  Motion to Dismiss (Dkt. 8) is **GRANTED**.

2.  Plaintiff's Motion to [D]ismiss [D]efendant['s] Motin [sic] to Quash [S]ervice of Process (Dkt. 23) is **DENIED**.

3.  Defendant Wells Fargo Bank's Motion to Dismiss is **GRANTED** (Dkt. 27).

4.  The Motion to Dismiss Plaintiff's Complaint filed by Defendants Argent Mortgage Company, LLC, Ameriquest Mortgage Company, and Wayne Lee (Dkt. 28) is **GRANTED**.

5.  The Motion to Dismiss filed by Defendants Oakland County 6th Circuit Court, Colleen A. O'Brien, and Ruth Johnson, Oakland County Clerk/Register of Deeds, (Dkt. 32) is **GRANTED**.

6.  The Clerk is directed to enter judgment in favor of Defendants, terminate all pending motions, and close this case.

**DONE and ORDERED in Tampa, Florida on April 16, 2008.**

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Odd\2007\07-cv-1725 MTD.wpd